UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA BROLL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 4:15-cv-00896 |
| ) | |
| SUNRISE EXPRESS, INC., ) | |
| JON HAARBERG, and LACY WHITLEDGE ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants, ) | |

### ANSWER OF DEFENDANT SUNRISE EXPRESS, INC.

COMES NOW Defendant Sunrise Express, Inc. ("Sunrise"), by and through its attorneys Roberts Perryman, P.C., and for its separate Answer to the Complaint states as follows:

### I. JURISDICTION AND VENUE

1. Paragraph 1 calls for a legal conclusion and therefore no answer is required. In the event an answer is required, Defendant Sunrise denies paragraph 1.

2. Defendant Sunrise admits that the amount in controversy exceeds $75,000.00. Defendant denies all remaining allegations and any allegations of negligence that may be contained in paragraph 2.

3. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 3 and therefore denies same.

4. Defendant Sunrise admits paragraph 4.

5. Upon information and belief, Defendant Sunrise admits Defendant Haarberg was and is a Nebraska resident. Defendant Sunrise admits that Defendant Haarberg at all times relevant was an employee and/or agent of Sunrise Express, Inc.

6. Defendant denies paragraph 6.

1

7. Paragraph 7 calls for a legal conclusion and therefore no answer is required. In the event an answer is required, Defendant Sunrise denies paragraph 7.

8. Paragraph 8 calls for a legal conclusion and therefore no answer is required. In the event an answer is required, Defendant Sunrise denies paragraph 8.

9. Paragraph 9 calls for a legal conclusion and therefore no answer is required. In the event an answer is required, Defendant Sunrise denies paragraph 8.

## II. STATEMENT OF THE CASE

10. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 10 and therefore denies same.

11. Defendant Sunrise admits its driver, agent and/or employee Defendant Haarberg was operating a tractor-trailer in the course and scope of his employment with Defendant Sunrise at all relevant times. Defendant Sunrise does not have sufficient knowledge to admit or deny the remaining allegations contained in paragraph 11 and therefore denies same.

12. Defendant Sunrise admits its driver, agent and/or employee Defendant Haarberg was operating a tractor-trailer in the course and scope of his employment with Defendant Sunrise at all relevant times. Defendant denies all remaining allegations contained in paragraph 12.

13. Defendant Sunrise denies paragraph 13.

14. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 14 and therefore denies same.

15. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 15 and therefore denies same.

16. Defendant Sunrise denies paragraph 16.

17. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 17 and therefore denies same.

## **COUNT I – Negligence as to Defendants Sunrise and Haarberg**

18. Defendant Sunrise restates, incorporates and realleges its admissions and denials of paragraphs 1-17 as though fully set forth herein.

19. Defendant Sunrise denies paragraph 19.

20. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 20 and therefore denies same.

21. Defendant Sunrise denies paragraph 21.

22. Defendant Sunrise denies paragraph 22.

23. Defendant Sunrise denies paragraph 23 including subparagraphs a) through and including g).

24. Defendant Sunrise denies paragraph 24.

25. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 25 and therefore denies same.

26. Defendant Sunrise denies paragraph 26.

27. Defendant Sunrise denies paragraph 27.

28. Defendant Sunrise denies paragraph 28.

## **COUNT II – Negligence Per Se as to Defendants Sunrise and Haarberg**

29. Defendant Sunrise restates, incorporates and realleges its admissions and denials of paragraphs 1-28 as though fully set forth herein.

30. Paragraph 30 calls for a legal conclusion and therefore no answer is required.  In the event an answer is required, Defendant Sunrise denies paragraph 30.

31. Defendant Sunrise denies paragraph 31 including subparagraphs a) through and including b).

32. Defendant Sunrise denies paragraph 32.

33. Defendant Sunrise does not have sufficient knowledge to admit or deny the allegations contained in paragraph 33 and therefore denies same.

34. Defendant Sunrise denies paragraph 34.

35. Defendant Sunrise denies paragraph 35.

36. Defendant Sunrise denies paragraph 36.

## COUNT III – Negligence as to Defendant Whitledge

Defendant Sunrise makes no response to the allegations contained in Count III of Plaintiff's Complaint as the allegations are not directed toward Defendant Sunrise. In the event that the allegations in this Count are directed against Defendant Sunrise, Defendant Sunrise denies each and every allegation.

## COUNTS IV – Negligent Hiring as to Defendant Sunrise

Defendant Sunrise makes no response to Count IV in that it has filed a separate Motion to Dismiss Count IV, which Defendant Sunrise incorporates as if fully set forth herein.

## COUNT V – Negligent Entrustment as to Defendant Sunrise

Defendant Sunrise makes no response to Count V in that it has filed a separate Motion to Dismiss Count V, which Defendant Sunrise incorporates as if fully set forth herein.

## AFFIRMATIVE DEFENSES

Further answering, and by way of affirmative defenses, Sunrise Express, Inc. states as follows:

     1.     Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

     2.     All damages or injuries allegedly sustained by Plaintiff Angela Broll, if any, were directly and proximately caused by Defendant Lacey Whitledge's fault or negligence as set forth specifically in paragraph 4 below.  To the extent Defendant Whitledge's negligent conduct caused or contributed to cause Plaintiff's alleged injuries or damages, or to the extent any fault is chargeable to Defendant Whitledge, Defendant Sunrise is entitled to an apportionment of fault in setoff or reduction based on the principals of comparative fault.

     3.     Any and all alleged injuries or damages suffered by Plaintiff, which Defendant Sunrise denies, were the direct and proximate result of the negligence, culpable conduct, and/or fault of others, over whom this Defendant had no control or right to control, and which constitute an intervening act wherein Defendant's negligence, if any, is not the proximate cause of Plaintiff's alleged injuries, as a result, Defendant is entitled to be dismissed.

     4.     Defendant Whitledge was careless, reckless, negligent, failed to operate a motor vehicle in a careful and prudent manner and failed to exercise the highest degree of care at the time and place of collision in the following respects, to-wit:

     a.  Stopping and/or slowing suddenly and without warning;

     b.  Failing to keep a careful and diligent lookout ahead, behind and laterally, and failing to pay proper attention to the operation of progress of vehicles behind her;

     c.  Failing to take measures to prevent the collision when Defendant Whitledge knew or by the highest degree could have known that there was a reasonable likelihood of collision if she stopped or slowed her vehicle suddenly and without warning;

      d. Operating her vehicle in a manner which was dangerous and not reasonably safe under the circumstances then and there existing;

      e. Improperly using and changing lanes; and

      f. Failing to keep her vehicle under proper control;

5. Plaintiff Broll has an obligation to mitigate her damages. To the extent plaintiff has failed to mitigate her damages, Defendant is entitled to an offset or reduction.

6. Plaintiff Broll distracted Defendant Whitledge causing Defendant Whitledge to crash the vehicle Plaintiff Broll was traveling in.

7. Defendant Sunrise specifically reserves all other defenses and avoidances, including each and every affirmative defense permitted under Missouri law, which may be warranted in the future. Defendant Sunrise reserves the right to conduct discovery pursuant to the Federal Rules of Civil Procedure and amend its Answer to include any defenses under law.

WHEREFORE, having fully answered, Defendant Sunrise Express, Inc. prays that the Court dismiss Plaintiff's Complaint and to award Defendant its costs and attorney's fees and for such further relief the Court deems just and proper under the circumstances.

**DEFENDANT DEMANDS JURY TRIAL.**

Respectfully submitted,

ROBERTS PERRYMAN, P.C.


/s/ Ted L. Perryman
Ted L. Perryman, #28410MO
Korissa M. Zickrick, #56069MO
Joshua S. Owings, #66129MO
1034 S. Brentwood Blvd, Suite 2100
St. Louis, MO 63117
(314) 421-1850
(314) 421-4346 Facsimile
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
jowings@robertsperryman.com
*Attorneys for Defendant Sunrise Express, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8th, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

David Zevan
ZEVAN & DAVIDSON
One North Taylor Avenue
St. Louis, MO 63108
(314) 588-7200
(314) 588-7271 Fax
David@zevandavidson.com

Richard A. Voytas, Jr.
Voytas & Company, LLC
1 North Taylor Ave.
St. Louis, MO 63108
Phone: 314-932-1068
rickboytas@gmail.com


/s/ Ted L. Perryman